CHARLES F. CRISP, Solicitor General, *ex rel.*, ANDREW J. WILLIAMS, plaintiff in error, *vs.* GEORGE A. BROWN, respondent, defendant in error.

It was competent for the General Assembly, after the year 1868, to provide for the election and succession of the county officers of the State, as was done under the 3d section of the Act of 1872, and an Ordinary elected under this law and commissioned by the Governor, will not be ejected upon the relation of one claiming to have been elected under the provisions of the 1346th section of the Code.

*Quo warranto.* Election. Officers. Ordinary. Before Judge CLARKE. Sumter County. At Chambers. January 25th, 1873.

For the facts of this case, see the decision.

W. A. HAWKINS, for plaintiff in error.

N. A. SMITH; W. B. GUERRY, for defendant.

WARNER, Chief Justice.

The relator in this case claims that he was duly elected Ordinary of Sumter county on the first Wednesday of January, 1872, under the provisions of the 1346th section of the Revised Code. On the hearing of the application for a *quo warranto* it was refused, and the relator excepted. It appears from the record that the respondent, Brown, who is now exercising the duties and functions of the office of Ordinary of Sumter county under a commission from the Governor of the State, was first elected in the year 1872, to fill a vacancy which occurred in the office, according to law, and was duly commissioned by the Governor to fill such vacancy for the

unexpired term, and continued to hold said office until he was again elected in January, 1873, and duly commissioned by the Governor, and the question is, who is the legal Ordinary of Sumter county—the relator, who was elected in 1872, but not commissioned by the Governor, or the respondent who was elected in January, 1873, under the provisions of the Act of 20th August, 1872? Who has the legal right and title to the office under the Constitution and laws of the State? On the 10th of March, 1868, an ordinance was adopted by the Convention, which provided for the continuance in office of the civil officers of the State until the regular succession provided for *after* the year 1868, and until successors are elected and qualified. By the twelfth section of the eleventh article of the Constitution of 1868, this ordinance had the force of law until its provisions expired by their own limitation, or until otherwise provided by the General Assembly. It was competent, therefore, for the General Assembly, *after* the year 1868, to provide for the election and succession of county officers of the State, as was done by the 3d section of the Act of 1872, and the respondent having been elected and commissioned by the Governor under the provisions of this last named Act, he is entitled to hold and exercise the duties and functions of the office of Ordinary of Sumter County.

Let the judgment of the Court below be affirmed.